**ORIGINAL**

Priority ✓
Send ✓
Enter ___
Closed ___
JS-5/JS-6 ___
JS-2/JS-3 ___
Scan Only ___

FILED
CLERK, U.S. DISTRICT COURT
MAY - 5 2004
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

LODGED

2004 APR 30 PH 2:19
U.S. DIST. OF CALIF.
CENTRAL DIST.
LOS ANGELES
MM
BY_____

Gordon & Rees LLP
1660 Union Street
San Diego, CA 92101

UNITED STATES DISTRICT COURT

~~SOUTHERN~~ Central DISTRICT OF CALIFORNIA

DUPACO, INC., a Delaware corporation,
    Plaintiff,
v.
OMNI THERM, INC., a Missouri corporation,
    Defendant.

CASE NO. CV 03-2517 DDP (MANx)

[~~PROPOSED~~] ORDER TO DEFENDANT OMNI THERM, INC. TO ATTEND HEARING AND TO SHOW CAUSE WHY IT SHOULD NOT BE SANCTIONED FOR CONTEMPT OF THIS COURT'S CONSENT JUDGMENT AND PRELIMINARY INJUNCTION

Date: ~~To be announced~~ May 13, 2004

Time: ~~To be announced~~ 11:00 A.M

Place: Courtroom 3

Judge: Hon. Dean D. Pregerson

Magistrate Judge: Hon. Margaret A. Nagle

Plaintiff DUPACO, INC.'s *Ex Parte* Application for Order to Show Cause Re Contempt having been received by the Court and evidence of service of Plaintiff's *Ex Parte* Application for Order to Show Cause Re Contempt together with all of the supporting papers having been served on Defendant OMNI THERM, INC., said Application and supporting papers having been duly considered by the Court,

**AND GOOD CAUSE APPEARING THEREFORE,**

DOCKETED ON CM
MAY 5 2004
BY____ 021

1     **IT IS HEREBY ORDERED** that Plaintiffs and Defendants shall appear at a hearing on

2 May 13, 2004, commencing at ~~10:30~~ 11:00 a.m., before the Honorable Dean R. Pregerson, in

3 Courtroom 3 of the above-entitled Court located at 312 N. Spring Street, Los Angeles,

4 California 90012. Defendant OMNI THERM, INC. is ordered to show cause why it should not

5 be held in contempt of this Court's Consent Judgment and Permanent Injunction prohibiting

6 infringement of DUPACO's U.S. patent number 6,490,737.

7     Defendant OMNI THERM, INC. shall have until May 11, 2004, to file and personally

8 serve its defenses to Plaintiff's Application for Order to Show Cause Re Contempt.

9 Defendant OMNI THERM, INC. is directed to note that absent a satisfactory showing as to

10 why it should not be sanctioned for contempt of this Court's Consent Judgment and

11 Preliminary Injunction, it may become subject to an Order:

12     (1) Requiring OMNI THERM to forthwith provide an accounting of all OMNI Disposa-View Head Cushions manufactured by it from inception to the present, indicating the disposition of the units produced;

15     (2) Requiring OMNI THERM to recall all existing inventory of the OMNI Disposa-View Head Cushion Model No. OTC20 from its distributors and to account for and produce that inventory to DUPACO for destruction;

18     (3) Requiring OMNI THERM to produce to DUPACO all inventory of its Model No. OTC20 not accounted for by product placed with distributors or by sale, for destruction;

21     (4) Requiring OMNI THERM to produce its manufacturing tooling for the OMNI Disposa-View Head Cushion Model No. OTC20 to DUPACO for destruction;

23     (5) Requiring OMNI THERM to pay to DUPACO forthwith:

24         a. Compensation to DUPACO for the underlying infringement calculated at DUPACO's lost profits of $8.66 per unit resulting from OMNI THERM's sale of 1,900 units of its Model OT-C10, $8.66 x 1900 = $16,454, and that such amount be trebled, $16,454 x 3 = $49,362;

28         b. Compensation to DUPACO for the second infringement in violation of the Consent Judgment and Permanent Injunction, based on an

-2-

1. accounting of all OMNI THERM sales of the Disposa-View Head Cushion Model No. OT-C20 after the date of entry of the permanent injunction on July 15, 2003 to the present, in an amount equal to $10.00 for each such unit and that such an amount be trebled;

    c. Contempt sanctions in the amount of DUPACO's attorneys' fees and costs incurred in connection with the underlying Consent Judgment and permanent injunction and in the amount of DUPACO's attorneys fees and costs incurred in connection with the present contempt proceedings in an amount to be determined by the Court after an *in camera* review of DUPACO's attorneys' billings;

    d. Fine for contempt of the Court's order to serve as a deterrent against future violations of the Consent Judgment and permanent injunction, in a lump sum amount of Fifty Thousand Dollars ($50,000);

    e. Establishing the amount of a fine per unit for future violations of the Consent Judgment and permanent injunction, should any occur, in which would be in excess of DUPACO's gross profit of $8.66 per unit for every unit sold in violation of the Consent Judgment and permanent injunction, after the conclusion of this contempt proceeding, of any product that infringes DUPACO's '737 Patent and that such amount be trebled.

DUPACO further respectfully requests that this Court issue an order to show cause directing OMNI THERM to appear and show cause within five days of service of the order why the Court should not issue an order, for relief, sanctions and fines as identified above plus such other compensation as the Court deems just, to OMNI THERM for OMNI THERM's violation of this Court's Consent Judgment and permanent injunction.

**IT IS SO ORDERED.**

Date: 5-5- 04

*[signature]*

JUDGE HON. DEAN D. PREGERSON